J udge Buckner
delivered the opinion of the Court.
The appellant filed his bill in chancery, against the appellee, in the Union circuit court, praying that a contract, by which the latter had sold and conveyed to him, a tract of land, might be rescinded; a decree entered in his favor for the purchase money,- and.interest and for general relief.
The case as exhibited in the bill, is substantially this:
On the 8lh day of Nov. 1823, the appellee executed his obligation, binding himself to convey to the appellant 100 acres of land, for the sum of $512 75, the receipt of which he acknowledged by the bond. In March, 1824, a conveyance of the land was executed, in pursuance of the bond, and accepted by the appellant, who believed from the appellee’s representations, that the title conveyed was valid. Being ignorant, lie did not require a production of the title papers, at the time he received the deed. The appellee had purchased 1250 acres of Isaac Hollingsworth and W m. Davidson, of which this tract of 100 acres, was a ^part.
The appellee afterwards exhibited his bill in chancery against said Hollingsvyorth, and the unknown heirs of said Davidson, to which the appellant was not a party, alleging that they had no good title to the land, when they sold and conveyed it to him; and succeeded in fraudulently procuring a decree to be entered, rescinding the contract for the purchase of said 1250 acres; and then fraudulently refused to return to the appellant, the price which he, appellant, had given for said tract of 100 acres. The record of the suit against Hollingsworth, and the heirs of Davidson, is made an exhibit, with the copy of the bond, from the appellee.
The appellee answered, denying fraud, and saying, that he was the administrator of the estate of J. Hi-fer, deceased, who had married his daughter, and that *539 said Hiter’s estate was insolvent, of which the appellant was fully apprised when he received the deed; and that under these circumstances, the appellee had gratuitously agreed to convey to him, the one hundred acres of land, in satisfaction of a debt, which the appellant claimed as due to him, from the estate ofsaid Hi ter. At the time he made said conveyance, he believed his title to the tract conveyed, to be good, but, that becoming apprehensive of some defect, he had filed his bill, as alleged by the appellant, and obtained a decree rescinding the contract, and for a re. turn of the price which he had paid. He states thai neis willing to transfer a proportional part of it to the appeliant, or to give him other land in lieu of it; that he did not know whether he should be able to obtain a satisfaction of the decree; but was then endeavoring to procure a valid title to said twelve hundred and fifty acres; and should he succeed, he was willing tore-convey said one hundred acres to the appellant. He makes his answer a cross bill against the appellant, calling on him to answer his statements in relation £o the consideration, &c.
To this Gale answered, admitting that the consideration was a demand which he had against the estate of said Hiter, the justice of which Conn had acknowledged; and had promised to pay it, by delivering to him in satisfaction, Hiter’s tools of trade, and a demand which the estate of his intestate, had against one Proctor; but that afterwards, the matter had been-adjusted by the bond, and conveyance of the land. He denied that Hiler’s estate was insolvent.
The decree in the suit of Conn vs. Hollingsworth, &c. was for two thousand five hundred dollars with interest, and was made upon the allegations of Conn’s hill, (which was filed in September, 1824, and was taken as confessed) that the defendants, Hollingsworth and Davidson, had no legal or equitable title, to said 1250 acres, when they conveyed to him, which they then knew, although they had fraudulently represented to him, that their title was valid.
The circuit court dismissed the appellant’s bill, without prejudice; but with costs, and he has appealed to this court, calling in question, by the assignment of errors, the propriety of the decree.
To enabJe vendee to obtain reciftion .ofth© contract, after acceptance of a deed,there must be an allegation of fraud, in sale or conveyance of the land. To warrant relief, on ground of fraud, it must be clearly & satisfactorily proved,especially when it is positively-denied by the answer. If the contract be executory, vendee will not be compelled to execute'it, by accepting a deed, upon proof that .verdor has no title. But where contract is execu* ted by ven-dee’s having accepted a deed,and been Jet into possession, a Court of equity will not decree a recision ofthe contract, merely on the ground of a defect of title, vendee’s remedy is at lato, for breach of <vhe covenants contained iu ^eet'’
*540 However fraudulent the conduct of Conn may bd considered in instituting his suit against Hollings-worth, and the- heirs of Davidson, without making the appellant a party, or informing him of it; and iu refusing to pay him the purchase money and interest, as the consideration in which the deed for 100 acres was made, it was very clear, that the appellant could not obtain relief in a court of chancery.
His bill does not charge any fraud on the part oí the appellee, in the sale or conveyance of the land; but merely that he believed from Conn’s representations, that he had a good and valid title to the land conveyed. Those representations may have been innocently made. The appellant does not even allege them to have been fraudulent. But had fraud been expressly charged, it could not have changed the aspect of the cause, as the appellee positively denies that he had been .guilty of any fraudulent misrepresentation, and says he believed, when he conveyed to Gale, that his title was valid. The depositions read on the trial do not disprove this denial. They redate exclusively to the justice of the appellant’s demand against the estate of Hiter, and to the solvency and extent of Hiter’s estate.
It is true, that there was but a very short interval of time, between the date of the deed from the appellee to the appellant, and the commencement of the suit against Hollingsworth, and the heirs; but we cannot thence, infer fraud. To warrant relief, on the ground of fraud, it must be clearly and satisfactorily proved; especially when it is positively denied by the answer. The decree in that case, cannot affect the rights of the appellant, as he was not a party to it.
Had the contract sought to be rescinded, been ex-ecutory, upon proof lüaí Conn had no title to the land, Gale could not have been compelled to receive a deed from him. But when a deed has been accepted by the vendee, and he let into possession, a court of equity will not decree a recision of the contract, merely on the ground of a defect of title. His remedy must be sought in a court of law. for a violation of the covenants contained in the deed. See the case of Millar vs. Long, III. Mar. page 335. It is true, that it does not appear from the record or proof in *541 this case, whether Gale was let into possession or not; nor is a copy of the deed for the 100 awes exhibited. We cannoi, therefore, say what covenants it Gale, in his bill says, "‘that it was executed in pursuance of the provisions of the bond.” It therefore be, that the consideration'expressed in the bond, was inserted in the deed,'with the warranty, for the violation of which, in case of eviction, the appellant could have maintained his action at law. If the deed contained no such covenants, and that could change the aspect of the case, and make it more favorable to the appellant, it is his fault, that a copy of the deed was not made an exhibit. In the absence of the deed, no allegation having been made, or proof introduced, to show that it did not contain the usual warranty, we are not authorized to infer that it was made without it.
Denny, for appellant; Crittenden and Talbot for ap-pellees.
The decree of the circuit court must be affirmed, with costs.